## D. M. OSBORNE & Co. v. MISSOURI PAC. RY. Co.

*(Circuit Court, E. D. Missouri.   March 11, 1889.)*

INJUNCTION—REMEDY AT LAW—DELAY.

Complainant, a property owner on a street along which defendant was about to construct a railroad track, under authority of the city, filed its bill for equitable relief, on the ground that its property would be damaged, and that compensation had not been paid as required as a condition precedent by the state constitution, (Const. Mo. art. 2, § 21;) but no application for a temporary injunction was made, and in the mean time the track was laid, and in daily use. *Held,* on final hearing, that the court would not grant an injunction, but would leave complainant to its remedy at law.

In Equity.   Bill for injunction.   On final hearing.   For opinion on demurrer to answer, see 35 Fed. Rep. 84.

This was a bill to restrain the laying of a railroad track along Gratiot street in the city of St. Louis, as authorized by a municipal ordinance and by the general statutes of the state.   Complainant owned a lot abutting on the street, on a portion of which lot it had erected a warehouse used for the storage of agricultural machinery.   It based its right to relief on the ground that the laying of a railroad track along the street in front of its property would cut off access to one entrance of its warehouse, and lessen the market and rental value of its property, and that under section 21, art. 2, of the constitution of the state of Missouri, the track in question could not lawfully be laid until such damages had been ascertained and paid.   Section 21 is as follows:

"Private property shall not be taken or damaged for public use without just compensation.   Such compensation shall be ascertained by a jury or board of commissioners,   *   *   *   and until the same shall be paid to the owner, or into court for the owner, the property shall not be disturbed, or the proprietary rights of the owner therein divested."

Section 4, art. 12, Const. Mo., referred to in the opinion, contains the following provision:

"The right of trial by jury shall be held inviolate in all trials of claims for compensation, when, in the exercise of said right of eminent domain, any incorporated company shall be interested either for or against the exercise of said right."

*Mills & Flitcraft,* for complainant.

*Thomas J. Portis* and *Bennett Pike,* for defendant.

THAYER, J., *(after stating the facts as above.)*   The first question that presents itself in this case, now that the evidence has been heard, is whether the complainant is entitled to equitable relief, even conceding that the laying of the track in and along Gratiot street did, to some extent, damage complainant's property within the meaning of the constitution of the state.   Article 2, § 21.   It is most likely true, as claimed by complainant's counsel, that by virtue of section 4, art. 12, Const. Mo., complainant is entitled to have its damages assessed by a jury, and that the court cannot in this proceeding assess the damages sustained, and en-

ter a decree therefor, or make the right of the defendant to further use said track dependent upon its paying to complainant the sum so assessed. At all events, the court does not feel warranted in exercising powers of the doubtful nature last suggested; therefore, if it grants any relief, it must be an order of injunction restraining the defendant from using the Gratiot-Street track, until complainant's damages are duly assessed by a jury in some form of proceeding, and paid. Should the court, under the peculiar circumstances of this case, grant such relief? The testimony no doubt tends to show that the existence of a railroad track in Gratiot street lessens the value of complainant's property to some extent. Such depreciation in the value of the property seems to be largely due to the fact that the track is not laid for the full distance in the center of the street, but inclines to the north, and cuts the curb line at the west boundary of complainant's premises. That fact may lessen the value of the unimproved portion of complainant's lot, and render it less marketable than it would otherwise be. It may also be that the track along Gratiot street slightly interferes with the convenient receipt and delivery of goods at the south entrance of complainant's building on said street. There is some testimony before the court to that effect. But the inconvenience resulting from such interference is evidently very slight. I will also add that it is by no means certain that the value of complainant's property is impaired in the manner above stated. Opinions *pro* and *con* were expressed on that point by the various witnesses. A jury, called to try the issue and assess the damages, might reasonably find that no damage had been sustained in consequence of the laying of the track, or that the damages were inconsiderable. The court is of the opinion that the use of the track has not seriously obstructed, and will not in future seriously obstruct, access to complainant's premises, and that the damage done to its property in the way of lessening its market or rental value is in any event small. The bill in the present case was filed February 16, 1887, two days before the approval by the mayor of the city of St. Louis of the ordinance granting the defendant leave to lay the track in question. The track was not laid, as the evidence shows, until March 20, 1887. When work was begun by the defendant on the track, no application was made for an injunction to stay operations for the time being. The case was not brought to a final hearing until nearly two years had elapsed, to-wit, January 31, 1889. Since the 20th of March, 1887, the track has been used daily, and in the mean time complainant has made no application for a temporary restraining order. If the court should at this late day enter a decree enjoining the use of the track, it would probably put third parties to great inconvenience, who are in a measure dependent upon it either for shipments or for supplies.

As the case stands, I know of no proceeding which the defendant can take to obtain an assessment of the damages, if any, that complainant has or will sustain by the location and operation of the track in Gratiot street. Complainant, on the other hand, has an adequate and simple remedy by an action at law to recover such damages. As I remarked when this case was before me on demurrer to the answer, (35 Fed. Rep.

84,) the track was laid in pursuance of legislative and municipal authority, and is in no sense a public nuisance. Defendant has a right to use it, on condition, of course, of paying such damages as abutting proprietors may have sustained. Under the circumstances, the court is of the opinion that an injunction ought to be denied, and the complainant remitted to its legal remedy. If it had made a seasonable application for a temporary injunction, when the bill was filed, or when defendant began to construct the track, the court would undoubtedly have been authorized, on the averments of the bill and the showing now made, to grant such an order; but it does not follow that it ought, for that reason, to grant an injunction now. Injunctive relief should be applied for seasonably. Even when there are some grounds for such relief, it is in a measure discretionary with the court to grant or withhold it. *Bassett* v. *Manufacturing Co.*, 47 N. H. 436; *Railway Co.* v. *Smith*, 15 N. E. Rep. 256; 2 Wood, Ry. Law, 794; 1 High, Inj. p. 7, § 7. For the reasons thus indicated I shall enter an order directing a dismissal of the bill, without prejudice to complainant's right to sue at law for the damages which it claims to have suffered.